In re Charles DOMINGUE (S.S. # 438–56–7820), Claudia Domingue (S.S. # 447–40–3427), Debtors.

Connie GEORGE, Plaintiff,

v.

Charles DOMINGUE, Defendant.

Bankruptcy No. 85–00163.
Adv. No. 85–0047.

United States Bankruptcy Court,
M.D. Louisiana.

Feb. 5, 1986.

---

Rollin W. Cole, Jr., Frank Leteff, Baton Rouge, La., for plaintiff.

David M. Bratcher, Baton Rouge, La., for defendant.

## MEMORANDUM FINDINGS OF FACT AND CONCLUSIONS OF LAW

WESLEY W. STEEN, Bankruptcy Judge.

This is a proceeding arising under Title 11 U.S.C. The United States District Court for the Middle District of Louisiana has original jurisdiction pursuant to 28 U.S.C. § 1334(b). By Local Rule 29, under the authority of 28 U.S.C. § 157(a), the United States District Court for the Middle District of Louisiana referred all such cases to the Bankruptcy Judge for the district and ordered the Bankruptcy Judge to exercise all authority permitted by 28 U.S.C. § 157.

This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(I); pursuant to 28 U.S.C. § 157(b)(1), the Bankruptcy Judge for this district may hear and determine all core proceedings arising in a case under Title 11 referred under 28 U.S.C. § 157(a), and the Bankruptcy Judge may enter appropriate orders and judgments.

No party has objected to the exercise of jurisdiction by the Bankruptcy Judge. No party has filed a motion for discretionary abstention pursuant to 28 U.S.C. § 1334(c)(1) or pursuant to 11 U.S.C. § 305. No party filed a timely motion for mandatory abstention under 28 U.S.C. § 1334(c)(2). No party has filed a motion under 28 U.S.C. § 157(d) to withdraw all or part of the case or any proceeding thereunder, and the District Court has not done so on its own motion.

The Complainant in this proceeding holds a judgment against the Debtors in the amount of $10,000.00; that judgment was rendered by the 19th Judicial District Court "under an intentional tort theory of the case." The Complainant filed this adversary proceeding alleging that the judgment is nondischargeable on the grounds that it is a debt arising from willful and malicious conduct by the Debtors.

The following facts are essentially undisputed. The Debtors received a telephone call from their daughter about September 13, 1982;[1] the substance of the telephone call was a request for the Debtors to go to the aid of their daughter because the Debtors' former son-in-law was allegedly on the premises of the daughter's apartment to take custody of the Debtors' grandson under a document purporting to be a temporary custody order. The Debtors immediately traveled to their daughter's apart-

---

1. The testimony is unclear; the telephone call may have come from someone else at their daughter's request.

ment; when they arrived, the son-in-law was standing in the parking lot. An altercation ensued in the course of which Mr. Domingue bloodied the face of the Complainant. As the result of these physical injuries, judgment was rendered in the referenced action.

The dispute is whether the Debtor's conduct was a malicious act or whether the Debtor was acting in defense of his wife. At the hearing of this matter, the Debtors both testified that the Complainant was physically attacking Mrs. Domingue at the time that the Debtor struck the Complainant. The Complainant and three disinterested witnesses each testified quite to the contrary that the Complainant never assaulted either of the Debtors and that Mr. Domingue, in a fit of rage, committed an unprovoked, merciless, and malicious attack on the Complainant.

There is no way to reconcile the conflicting testimony or to conclude that the conflicting testimony results from partial misperceptions by all witnesses. The testimony so starkly contrasts that the Court must believe one of the two stories and cannot believe both.

The only evidence supporting the Debtors' theory of the case is their own testimony. By contrast, three apparently unrelated, disinterested witnesses support the Complainant's version of the events of that day. The fact that the Complainant's theory is supported by disinterested witnesses, the fact that it is supported by more than one disinterested witness, and the sheer logic of the Complainant's case compels the conclusion that the Complainant has proved her case by a preponderence of the evidence. Accordingly, judgment will be rendered in favor of the Complainant, ruling that the debt established by judgment dated December 5, 1983, rendered by the 19th Judicial District Court in Case No. 263,985, Division F, in favor of Complainant and against the Debtors is determined to be nondischargeable. The Complainant is to supply a judgment.